**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FICARE FEDERAL CREDIT UNION,

Case No. 8:26-cv-00231-JLB-GDP

Plaintiff,

v.

FISERV SOLUTIONS, LLC f/k/a
FISERV SOLUTIONS, INC., and
FISERV, INC.,

Defendants.
_________________________________ /

**DECLARATION OF TIMOTHY PATTERSON**

I, Timothy Patterson, hereby state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, an adult resident of the State of Wisconsin, and am competent to testify as to all matters set forth in this Declaration.

2. I am counsel for Fiserv Solutions, LLC and Fiserv, Inc. ("Defendants") in the above-captioned matter and am specially admitted to practice in this Court under Local Rule 2.01(c). I submit this Declaration in support of Defendants' Opposition to Plaintiff's Motion to Expedite Responses to Discovery Requests.

3. FiCare has not served a single discovery request related to the products and services the Second Amended Complaint alleges are deficient.

4. On July 3, 2025, with no prior discussions between the parties, FiCare's counsel sent a demand letter to Defendants (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit 1**.

5. On July 17, 2025, Defendants' counsel provided FiCare with a proposal designed to alleviate FiCare's purported concerns and avoid unnecessary proceedings, but FiCare never responded to that proposal.

6. In late July 2025, FiCare's counsel claimed that FiCare suffered approximately $250,000 in losses in connection with its allegation in the Demand Letter that in 2024 "a hacker took over online banking accounts based on Fiserv's failure to implement multi-factor authentication during Virtual Branch new account enrollment, which resulted in substantial fraud losses to FiCare." A true and correct redacted copy of subsequent email correspondence between FiCare's counsel and Defendants' counsel between July 30 and August 21, 2025, is attached hereto as **Exhibit 2**.

7. Neither FiCare nor its counsel ever responded to my August 21, 2025, email reflected in Exhibit 2.

8. Since May 2025, FiCare's counsel, Mr. Nerko, has sent demand letters to Defendants like the Demand Letter on behalf of over twenty other credit

unions. These other demand letters are largely a cut and paste of the one precipitating this litigation.

9. A true and correct copy of email correspondence between FiCare's counsel and Defendants' counsel between January 27 and January 29, 2026, is attached hereto as **Exhibit 3**. The email's attachment has been omitted to conserve space.

10. On March 18, 2026, FiCare's counsel sent Defendants' counsel a "Supplemental Notice of Breach" (the "Supplemental Notice"). A true and correct copy of the Supplemental Notice is attached hereto as **Exhibit 4**.

11. A true and correct copy of email correspondence between FiCare's counsel and Defendants' counsel on March 18, 2026, is attached hereto as **Exhibit 5**.

12. Following receipt of the Supplemental Notice, Defendants reviewed the incident alleged therein to the extent possible without FiCare's cooperation.

13. A true and correct redacted copy of email correspondence between FiCare's counsel and Defendants' counsel between March 20 and April 8, 2026, is attached hereto as **Exhibit 6**. The email's attachments have been omitted to conserve space.

14. Neither FiCare nor its counsel ever responded to the April 8, 2026, email from Bryan House reflected in Exhibit 6.

15. Defendants' counsel and FiCare's counsel conferred via videoconference on April 17, 2026, regarding the joint uniform case management report, which was due on April 20, 2026. During that conference, FiCare's counsel did not state that it intended to seek preliminary injunctive relief or a temporary restraining order. Following that conference, counsel for the parties exchanged drafts of the joint case management report. On April 20, 2026, FiCare's counsel inserted a new paragraph in the draft that stated that "Plaintiff will be moving for a temporary restraining order to obtain preliminary injunctive relief."

16. A true and correct copy of email correspondence between FiCare's counsel and Defendants' counsel between March 20 and April 24, 2026, is attached hereto as **Exhibit 7**. The email's attachment has been omitted to conserve space.

17. A true and correct copy of email correspondence between FiCare's counsel and Defendants' counsel between April 27 and May 19, 2026, is attached hereto as **Exhibit 8**.

18. A true and correct copy of a Request for Entry onto Defendants' Property for Inspection and Other Purposes served by FiCare on Defendants on June 26, 2026, is attached hereto as **Exhibit 9**.

19. A true and correct copy of Defendants' Response to FiCare's Request for Entry onto Defendants' Property for Inspection and Other Purposes served by Defendants on FiCare on July 27, 2026, is attached hereto as **Exhibit 10.** FiCare has not pursued this issue further since service of Defendants' Response.

20. On September 17, 2026, FiCare's counsel served Defendants with discovery requests (the "Requests") via email service.

21. Following receipt of FiCare's counsel's September 17, 2026, email and the Requests, Fiserv Solutions, LLC promptly began gathering facts regarding the call center.

22. A true and correct redacted copy of email correspondence between FiCare's counsel and Defendants' counsel between September 17 and September 28, 2026 is attached hereto as **Exhibit 11.**

23. Defendants' counsel did not hear from FiCare's counsel regarding the Requests between FiCare's counsel's September 18, 2026, email reflected in Exhibit 11 and FiCare filing its Motion to Expedite Responses to Discovery Requests on September 23, 2026 (the "Motion"). The parties did not meet and confer regarding the Motion.

24. The redacted portion of the September 24, 2026, email from Timothy Patterson to FiCare's Counsel contained in Exhibit 13 described the call center's authentication process, including that callers seeking to unfreeze cards

subject to fraud restrictions through the call center are subjected to layered authentication procedures. The email also explained that FiCare had the option to configure the call center to employ authentication through a One-Time-Passcode (OTP) delivered via email, text, or voice call, but that FiCare had chosen not to enable that feature. The email also explained that if a cardholder reports a card as stolen, that card is deactivated, and this deactivation cannot be reversed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of September, 2026.

*/s/ Timothy Patterson*

Timothy Patterson