# EXHIBIT 11

**From:** Patterson, Tim
**Sent:** Monday, September 28, 2026 9:51 AM
**To:** Charles Nerko
**Cc:** John C. Cleary; Walter E. Swearingen; Neil Diskin; Darrin Quam; Lori Feldman; Tiffany Wong; Swanson, Joe; House, Bryan B.; Wronski, Andy; Lampert, Elysia A.; Grabowski, Ashley C.; Stippich, Grace E.
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

Charles:

We are available to confer tomorrow from 12:00 to 12:30 pm Central, and Wednesday from 11:00 am to 2:00 pm Central.

Joe Swanson, Bryan House, and I will participate. Please send an invite.

Thank you,
Tim

**Tim Patterson**
*Senior Counsel*

**Foley & Lardner LLP**
Phone: 414.319.7177 | Cell: 262.227.4572

---

**From:** Charles Nerko <cnerko@nerko.com>
**Date:** Friday, September 25, 2026 at 1:07 PM
**To:** Patterson, Tim <TJPatterson@foley.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>; Swanson, Joe <joe.swanson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C. <agrabowski@foley.com>; Stippich, Grace E. <gstippich@foley.com>
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

***** EXTERNAL EMAIL MESSAGE *****

Tim,

Thank you for the information provided yesterday evening. Unfortunately, Fiserv's description shows that its call-center IVR system permits fraudsters to unfreeze stolen debit and credit cards without adequate authentication and does not comply with federal regulatory guidance governing call-center authentication. Fiserv's continued use of its IVR system exposes FiCare Federal to irreparable harm and fraud.

Accordingly, FiCare Federal intends to promptly seek a temporary restraining order prohibiting Fiserv from unfreezing cards through its current IVR process and requiring its call-center to authenticate callers through

appropriate verification procedures. FiCare Federal will also ask the Court to set a schedule for preliminary injunction proceedings.

We remain available to meet and confer on these issues and urge Fiserv to consider consenting to appropriate interim injunctive relief so that emergency motion practice can be avoided or narrowed.

Please let us know promptly whether Fiserv is willing to meet and confer regarding the anticipated emergency motion and proposed interim relief. Thanks, and regards.

**Charles J. Nerko** | Managing Partner | **NERKO** PLLC
518.363.9100 | Web | Bio | LinkedIn

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, please notify the sender and delete any copies.

---

**From:** Charles Nerko <cnerko@nerko.com>
**Date:** Thursday, September 24, 2026 at 6:59 PM
**To:** Patterson, Tim <TJPatterson@foley.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>; Swanson, Joe <joe.swanson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C. <agrabowski@foley.com>; Stippich, Grace E. <gstippich@foley.com>
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

Tim,

For the cardmember details, please refer Fiserv to the support ticket FiCare opened on September 16, which Galina Richards handled.

Please enable OTP promptly. Even with OTP enabled, however, the IVR itself appears to remain insecure and requires attention. This is consistent with the other credit union complaints that have been made to Fiserv.

We disagree with your assertion that FiCare violated the local rules. We requested a meet-and-confer on September 17; Fiserv rebuffed that request. We remain available to discuss these issues. Thanks.

**Charles J. Nerko** | Managing Partner | **NERKO** PLLC
518.363.9100 | Web | Bio | LinkedIn

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, please notify the sender and delete any copies.

---

**From:** Patterson, Tim <TJPatterson@foley.com>
**Date:** Thursday, September 24, 2026 at 5:15 PM
**To:** Charles Nerko <cnerko@nerko.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>; Swanson, Joe <joe.swanson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C.

<agrabowski@foley.com>; Stippich, Grace E. <gstippich@foley.com>
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

Charles:

We have had the opportunity to gather additional information about the issue raised in your September 17 email and write to share our initial findings. Given your communications regarding the apparent exigency of the situation, these findings are preliminary and based on our review to date. We understand that the concern raised in your email below relates to the ability of an unauthorized person to call into Fiserv's call center and satisfy the necessary verification procedures to unfreeze a card that is subject to a fraud hold. We therefore share information below regarding the verification procedures that a caller confronts when dialing into the call center before the caller may unfreeze a FiCare member's card that is the subject of a fraud hold. We also require and request additional information related to the specific "18 fraudulent transactions" referenced in your email below, which will facilitate Fiserv's ability to review these individual cases.

**Verification Process**

[redacted]

[redacted]

As we presume FiCare is aware, FiCare has chosen to be configured as a non-OTP client. If FiCare would prefer to be configured as an OTP client, please let us know, and Fiserv is happy to make this change promptly.

**Alleged Fraudulent Transactions**

Without additional information, we are unable to provide case-specific findings as to the "18 fraudulent transactions" that you claim occurred at FiCare in August. We are uncertain what you mean by "18 fraudulent transactions." Please clarify. Please also provide the following information for each transaction, so Fiserv may identify the transaction and related case details and pursue additional inquiry as needed:

1. the cardholder's name;
2. the account number;
3. the case number associated with the transaction;
4. the date and amount of the transaction; and
5. whether the transaction was fraudulent.

**FiCare's Emergency Motion**

We were disappointed to see that FiCare opted to file an emergency motion yesterday rather than work with Fiserv directly to resolve its apparent concerns. As noted in our communication below (just a few business days before the motion was filed), we were working with our client to gather the requisite information, so we could share accurate findings. We have now done that.

Among its many other deficiencies, FiCare's motion fails to comply with the Middle District of Florida's meet and confer requirement. *See* L.R. 3.01(g). It remains our position that the most effective way to resolve true security concerns is through direct communication, rather than jumping to motion practice. The information we have provided should be sufficient to address any claimed "emergency," and we request that FiCare withdraw the motion. If FiCare declines, we will oppose the motion and share this information (and the fact that you chose not to wait for it).

Thank you,
Tim

**Tim Patterson**
*Senior Counsel*

**Foley & Lardner LLP**
Phone: 414.319.7177 | Cell: 262.227.4572

---

**From:** Charles Nerko <cnerko@nerko.com>
**Date:** Friday, September 18, 2026 at 2:03 PM
**To:** Patterson, Tim <TJPatterson@foley.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>; Swanson, Joe <joe.swanson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C. <agrabowski@foley.com>; Stippich, Grace E. <gstippich@foley.com>
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

***** EXTERNAL EMAIL MESSAGE *****
Tim, thank you. As to the premise in your email that "as in the past, we will share our findings with you once finalized," our client has not yet received those findings from the 2024 and 2025 hacks that prompted this litigation. When might we receive them?

**Charles J. Nerko** | Managing Partner | **NERKO** PLLC
518.363.9100 | Web | Bio | LinkedIn

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, please notify the sender and delete any copies.

---

**From:** Patterson, Tim <TJPatterson@foley.com>
**Date:** Friday, September 18, 2026 at 2:31 PM
**To:** Charles Nerko <cnerko@nerko.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>; Swanson, Joe <joe.swanson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C. <agrabowski@foley.com>; Stippich, Grace E. <gstippich@foley.com>
**Subject:** Re: FiCare - Emergency Discovery Requests Regarding Recent Fraud

Charles:

I am acknowledging receipt of your email and the attached requests. We are speaking with our client about your requests and are in the process of gathering more information. As in the past, we will share our findings with you once finalized, and I suspect we also may have some questions for your client that we hope can be promptly answered.

All that said, we do not agree to answer these requests on an expedited basis, but we will informally provide you whatever information we can gather as soon as practicable.

Thanks,

Tim

**Tim Patterson**
*Senior Counsel*

**Foley & Lardner LLP**
Phone: 414.319.7177 | Cell: 262.227.4572

---

**From:** Charles Nerko <cnerko@nerko.com>
**Date:** Thursday, September 17, 2026 at 12:46 PM
**To:** Swanson, Joe <joe.swanson@foley.com>; Patterson, Tim <TJPatterson@foley.com>; House, Bryan B. <BHouse@foley.com>; Wronski, Andy <AWronski@foley.com>; Lampert, Elysia A. <ELampert@foley.com>; Grabowski, Ashley C. <agrabowski@foley.com>
**Cc:** John C. Cleary <jcleary@nerko.com>; Walter E. Swearingen <wswearingen@nerko.com>; Neil Diskin <ndiskin@nerko.com>; Darrin Quam <dquam@stearnsweaver.com>; Lori Feldman <lfeldman@hechtpartners.com>; Tiffany Wong <twong@hechtpartners.com>
**Subject:** FiCare - Emergency Discovery Requests Regarding Recent Fraud

***** EXTERNAL EMAIL MESSAGE *****

Dear Counsel,

Our client recently learned that fraudsters are bypassing Fiserv's call center verification procedures to remove fraud restrictions and reactivate stolen cards. We understand that the problem is widespread and that numerous financial institutions have reported it to Fiserv. At least 18 fraudulent transactions have occurred in August at FiCare.

Given the recent incidents and ongoing exploitation being facilitated by Fiserv's call center, we have served the attached discovery requests, narrowly focused on this fraud and the role of Fiserv's call center in facilitating that fraud.

The recent fraud and continuing risk to our client (and other Fiserv financial institution customers) warrants expedited responses.

Please let us know by 3pm tomorrow how soon Fiserv can respond substantively to these limited requests, and your availability to meet and confer on these requests and any security mitigations Fiserv can implement to prevent further fraud being facilitated by its call center. We would prefer to agree on a reasonable expedited timetable to receive Fiserv's responses and assurances. If we cannot, we intend to ask the Magistrate Judge to compel expedited responses, and our client may seek appropriate injunctive relief. Thank you.

**Charles J. Nerko** | Managing Partner | **NERKO** PLLC
518.363.9100 | Web | Bio | LinkedIn

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, please notify the sender and delete any copies.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.