UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FICARE FEDERAL CREDIT UNION,

Plaintiff, No. 8:26-cv-00231-JLB-GDP

v.

FISERV SOLUTIONS, LLC f/k/a
FISERV SOLUTIONS, INC., and
FISERV, INC.,

Defendants.
______________________________________/

**[Proposed] TEMPORARY RESTRAINING ORDER AND SCHEDULE FOR PRELIMINARY INJUNCTION PROCEEDINGS**

This matter is before the Court on the Motion for Temporary Restraining Order and Schedule for a Preliminary Injunction (the "Motion") filed by Plaintiff FiCare Federal Credit Union ("FiCare Federal") on September 28, 2026, against Defendants Fiserv, Inc. and Fiserv Solutions, LLC (collectively, "Fiserv"), pursuant to Fed. R. Civ. P. 65 and Local Rule 6.01 of the Local Rules of the Middle District of Florida.

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief

would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." *Edwards v. Cofield,* No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017) (citing *Parker v. State Bd. of Pardons & Paroles,* 275 F.3d 1032, 1034-35 (11th Cir. 2001)).

Based on the Motion and supporting declarations, which was provided on notice to Defendants and served through the CM/ECF system on September 28, 2026, it appears likely that FiCare Federal will ultimately prevail on the merits of its breach-of-contract claim; that FiCare Federal has provided notice of this Motion to Fiserv; that FiCare Federal will suffer irreparable harm absent a temporary restraining order; that the threatened injury to FiCare Federal absent temporary relief outweighs any harm that the temporary restrain will cause Fiserv; and that the public interest would be served by a temporary restraining order. Accordingly, the Motion is GRANTED on the terms set forth below, and it is HEREBY ORDERED as follows:

1. Fiserv, and each of its officers, directors, employees, attorneys, agents, affiliates, subcontractors, and all persons in active concert or participation with them who receive actual notice of this Order, are RESTRAINED from, directly or indirectly, using an interactive voice response system or other automated system

to verify the identity of, or lift fraud restrictions for, any caller concerning a FiCare Federal debit or credit card.

2. Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order binds Fiserv and its officers, attorneys, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them, including Fiserv's subsidiaries, affiliates, subcontractors, and vendors, who receive actual notice of this Order by personal service or otherwise. Fiserv shall provide a copy of this Order, forthwith, to each of its officers, agents, servants, employees, and attorneys, and to each subsidiary, affiliate, subcontractor, or vendor that has responsibility for or involvement in the interactive voice response system or call center addressing fraud restrictions on FiCare Federal's debit or credit cards, and electronically file proof of service.

3. Pursuant to Fed. R. Civ. P. 65(c) and the local rules of this Court finds that no bond is required to be posted.

4. This Order shall take effect immediately and shall remain in effect until superseded by an order on FiCare Federal's motion for a preliminary injunction, or as otherwise modified or dissolved by the Court. Pursuant to Fed. R. Civ. P. 65(b)(2) and the local rules of this Court, the Court finds good cause to extend this Order beyond fourteen days and enters the following reasons in the record: (a) Fiserv has appeared through counsel in this action, has received notice of the

Motion and supporting declarations through the CM/ECF system, and has had an opportunity to oppose this temporary restraining order before it was granted, and will have an additional opportunity to be heard under the schedule set forth below; (b) the expedited discovery ordered in paragraph 5 is necessary for the parties and the Court to decide the preliminary injunction motion on an accurate factual record concerning the authentication process at issue, and that discovery cannot be completed, briefed, and presented at an evidentiary hearing within fourteen days; (c) the briefing and hearing schedule set forth in paragraphs 6 through 9, which the Court has set at the earliest practicable dates, necessarily extends beyond fourteen days; and (d) absent continued temporary relief during that period, FiCare Federal and its members face continued irreparable harm from the unauthorized removal of fraud restrictions on FiCare Federal debit and credit cards, while the restraint imposes minimal burden on Fiserv, which may continue to verify callers through non-automated means.

5. Fiserv shall complete expedited discovery concerning (a) the authentication methods used by the interactive voice response system to remove fraud restrictions at Fiserv's call center; (b) the design, configuration, and operation of that process; (c) reports, complaints, or notices concerning unauthorized persons defeating that authentication process; (d) Fiserv's investigation of those reports and any remedial measures considered or

implemented; and (e) logs or records sufficient to identify instances in which the automated process removed fraud restrictions from FiCare Federal cards on or before October ______, 2026.

6. FiCare Federal shall file a motion for a preliminary injunction on or before October _____, 2026.

7. Fiserv shall file its opposition within fourteen days after FiCare Federal's motion for preliminary injunction is filed.

8. FiCare Federal shall file its reply within seven days after Fiserv's opposition.

9. The Court will hold an evidentiary hearing on the motion for a preliminary injunction on _________________, 2026 at ____:____ a.m./p.m.

**IT IS SO ORDERED.**

Dated: ______________________, 2026 at ____:____ a.m./p.m.

________________________________
Hon. John L. Badalamenti
United States District Judge



1