# EXHIBIT A

Case 2:19-cv-00624-MJH Document 24 Filed 06/26/19 Page 1 of 4

FOLEY
FOLEY & LARDNER LLP

ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
414.271.2400 TEL
414.297.4900 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
414.297.5518
awronski@foley.com EMAIL

CLIENT/MATTER NUMBER
ClientNumber-MatterNumber

June 26, 2019

**VIA ECF and Electronic Mail**
Honorable Marilyn J. Horan
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Courtroom 8A, Room 8170
Pittsburgh, PA 15219

**Re: Bessemer System FCU v. Fiserv Solutions, LLC, et al., Case No. 19-CV-624 (MJH)**

Dear Judge Horan:

I write briefly on behalf of Fiserv Solutions, LLC and Fiserv Inc. ("Defendants") in advance of this afternoon's status call to address Bessemer's Motion for a Temporary Restraining Order and a Preliminary Injunction. I apologize for the informality of this correspondence, but Defendants thought it helpful to apprise the Court of the positions they will take on the motion before that call and time did not permit a more fulsome response.

In summary, the motion is an unfortunate and unnecessary imposition on the parties and the Court. The parties have had extensive correspondence on these issues over the last several weeks, and Defendants believe that these issues have been resolved or substantially resolved. Defendants have been diligent and prompt in responding to Bessemer's requests, despite the aggressive litigation posture in which they are consistently made. Notwithstanding these communications (including communications between counsel on separate matters relating to this case), Bessemer filed the motion without a meet and confer conference and without informing Defendants of the specific issues raised in the motion. (Indeed, the motion does not conform to this Court's November 2018 Standing Order requiring a statement as to whether the motion was discussed with the other parties and reciting their positions on the requested relief.)

Defendants have been and remain willing to engage in a meet and confer process and believe that any remaining issues are technical ones that are best resolved by the parties, not their lawyers or the Court. Defendants request that Court direct the parties to meet and confer and hold the motion in abeyance pending those efforts. If the meet and confer does not resolve the remaining issues, Defendants request that the Court set a typical briefing schedule to resolve the motion. There simply is no urgency here – and certainly none necessitating entry of a temporary restraining order on an emergency and expedited basis.

FOLEY

FOLEY & LARDNER LLP



Despite the length of Bessemer's brief and Ms. Peterson's declaration (which reads like a brief), Bessemer has raised only four discrete issues, each of which has been resolved or substantially resolved, as follows:

**1. Credit Reporting Information:** Ms. Peterson's declaration asserts that Defendants have refused to provide reports of credit reporting information sent to Experian. (Peterson Decl., ¶¶ 83-91.) Defendants provided all of that information to Bessemer's new processing vendor, CompuSource, on June 14, 2019. Defendants' counsel specifically informed Bessemer's counsel of that fact by letter dated that same day. Bessemer does not appear to dispute that it has this information, and Defendants are unaware of any unresolved issue here. Ms. Peterson makes no mention of this in her declaration and Bessemer did not meet and confer on the issue before filing the motion. (There was an initial dispute arising out of Bessemer's refusal to pay for the programming necessary to generate the requested reports. Ultimately, to avoid needless issues, Defendants provided the reports while reserving their right to pursue payment at a later time.) If there is a continuing issue here, Defendants are unaware of it.

**2. eFichency Records**. Here, too, a dispute arose about whether Bessemer would pay the fees and expenses that the parties' Master Agreement requires. Again, in the interests of resolving any dispute and avoiding needless escalation, Defendants agreed to provide a complete set of these records to Bessemer. A hard drive with the data was delivered to Bessemer on June 24, 2019 (this past Monday). Bessemer admits that it received the hard drive but claims that the password Defendants provided does not work. ***Bessemer never informed Defendants that it was having trouble with the password until the motion was filed.*** Not only did Bessemer not meet and confer on the issue, it didn't even pick up the phone and ask for help. Defendants indisputably sent the records and obviously intended that Bessemer have access. Defendants will work with Bessemer to resolve the password issue and, in an abundance of caution, are loading another copy of the data onto a separate drive that can be delivered by the end of the week. If there is an issue here (and Fiserv Solutions' technical manager would testify that he checked the password and it was fully operable), it is a technical, not a legal, one. ***More importantly, Bessemer has had continuous online access to all of these reports and data since its deconversion in early June. Defendants' records reflect clearly that Bessemer personnel have been accessing the eFichency data in this way regularly.*** Any claim that Defendants are "denying access" to this data is simply false.

**3. Debit Card Opt-In Information.** Defendants provided what they believed Bessemer to be requesting in the original deconversion files delivered to CompuSource nearly a month ago. In a June 24, 2019 email, Defendants' counsel directed Bessemer to the specific fields in the deconversion files where this information can be found (ACT file, card 1, position 78). ***Defendants heard nothing further on the subject until Bessemer filed its motion.*** Here, again, Bessemer failed to meet and confer or to make a good faith effort to resolve the issue. Bessemer's motion suggests that there is some misunderstanding between the parties as to what specifically Bessemer wants (and perhaps as to whether Defendants have that information). The record is clear,

FOLEY

FOLEY & LARDNER LLP



however, that Defendants have been prompt and responsive in trying to address Bessemer's requests. Bessemer, in contrast, never told Defendants that the information provided on June 24, 2019 was not what Bessemer is looking for. Here, too, we have a technical issue best resolved between the parties and their technical consultants, not their lawyers.

**4. Security Measures.** On June 12, 2019, Bessemer made certain demands with respect to the security measures in place for Bessemer's records and data that remain in Defendants' possession. (It is important to understand that Fiserv Solutions has copies of these records and data in its own records. During the deconversion process, these files were provided to Bessemer's new vendor which has been operating Bessemer's platform since early June. Bessemer and CompuSource use and access Bessemer's data every day to run the credit union.)

Defendants promptly responded by letter dated June 14, 2019 and specifically informed Bessemer that: ***"All Charlotte core data, all eFichency records, all Bill Pay payment data, and all personal data (member number, debit card number, and social security number) in the Virtual Branch database are and have been stored in an encrypted state in the production databases. Additionally, Fiserv Solutions has undertaken to extract into a separate encrypted file and remove from the database all of Bessemer's Virtual Branch data. None of Bessemer's data is accessible through the internet."*** In short, Defendants informed Bessemer that the "security measures" demanded in its motion are already in place. Despite subsequent communication and correspondence between counsel, Bessemer never took the position that these security measures are not in place, that these security measures are inadequate, or that additional security measures are required. Putting aside that the parties' respective obligations with respect to data security are entirely a contractual matter under the Master Agreement, Defendants have already put in place all of the security measures that Bessemer has requested. There are no security issues to be resolved through the motion and, if Bessemer thinks there are, it chose to file the motion without a good faith meet and confer effort to resolve them without involving the Court.

Each of the four issues that Bessemer raised in its motion have been promptly addressed by the Defendants and either fully or substantially resolved. Any remaining issues are technical in nature and could (and should) be resolved directly between the parties. There simply was no need for the motion to be filed at all, much less without a good faith effort to meet and confer.

Finally, there is simply no urgency here. This dispute dates back to at least January 2018. The "security" issues that Bessemer alleges (and which Defendants dispute) occurred (if at all) at least nine months ago (and some years ago). This action was initially filed in state court (without a complaint) in ***April 2018*** and sat idle for nearly a year. Bessemer filed its complaint on ***April 26, 2019*** and did not then seek a temporary restraining order or injunctive relief. Defendants are at a loss to understand what "emergency" required Bessemer to file an expedited motion and eschew any meet and confer efforts. Clearly, Bessemer perceives some tactical advantage to this

Case 2:19-cv-00624-MJH Document 24 Filed 06/26/19 Page 4 of 4

FOLEY

FOLEY & LARDNER LLP



approach. Perhaps Bessemer hopes for an early merits ruling before discovery, or simply wants to wave the threat of "contempt" around as the parties litigate their claims and counterclaims. Whatever the motivation, Bessemer's tactics are an unnecessary and unfortunate imposition on the Court and the Defendants, because there are no emergency issues here.

For these reasons, Defendants suggest that the Court direct the parties to meet and confer in a good faith attempt to resolve what remains of these issues. If the parties report back that they have been unable to resolve them, the Court should give Defendants an opportunity to respond fully with a brief and their own declarations before considering the motion. Given the clear lack of any emergency here, the motion should be briefed and heard on an ordinary motion schedule.

Defendants regret the need to impose on the Court on short notice, but the timing here was not of their choosing. Defendants appreciate the Court's time and consideration.

Very truly yours,

***Andrew J. Wronski***

Andrew J. Wronski