UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FICARE FEDERAL CREDIT UNION,

Plaintiff, No. 8:26-cv-00231-JLB-GDP

v.

FISERV SOLUTIONS, LLC f/k/a
FISERV SOLUTIONS, INC., and
FISERV, INC.,

Defendants.
_______________________________________/

**NOTICE OF OBJECTION TO THE DECLARATION OF CHARLENE BENN SUBMITTED BY FISERV IN OPPOSITION TO FICARE FEDERAL'S MOTION FOR EXPEDITED DISCOVERY**

FiCare Federal Credit Union ("FiCare Federal") objects[1] to paragraphs 6 through 8 of the Declaration of Charlene Benn (Dkt. 65-1) submitted by Fiserv in opposition to FiCare Federal's Emergency Motion to Expedite Responses to Discovery Requests Related to Recent and Ongoing Fraud Facilitated by Fiserv's Call Center (Dkt. 63). Those paragraphs describe Fiserv security procedures that are irrelevant under Rule 401. Moreover, they confuse the issues under Rule 403 by inviting the Court to evaluate safeguards that are unrelated to the security

[1] *See Sum of $66,839.59 Filed in Registry of Ct. v. U.S. I.R.S.*, 119 F. Supp. 2d 1358, 1359 (N.D. Ga. 2000) ("Rather than filing a motion to strike as under Rule 12, the proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony.").

problem FiCare Federal has alleged and the expedited discovery it seeks. FiCare Federal respectfully requests that the Court disregard paragraphs 6 through 8 of the Benn Declaration or, in the alternative, give them no weight.

| <u>**Subject Testimony**</u> | <u>**Objections**</u> |
|---|---|
| "Fiserv offers to its credit union customers the option to configure these services to include the issuance of a one-time passcode ("OTP") from the Contact Center to individual members' on-record phone number (via either text or voice) or email address. This OTP feature is employed as part of the process used to authenticate the members' identity prior to a Contact Center agent resolving a potentially fraudulent card transaction."<br><br>"The credit union customer, not Fiserv, determines whether it wishes to utilize OTP in this process. When FiCare selected its Contact Center configurations, it chose not to utilize OTP during the authentication process."<br><br>(Benn Decl. ¶¶ 6–7). | **Fed. R. Evid. 401 (Irrelevance)**<br>**Fed. R. Evid. 403 (Confusing the Issues)**<br><br>The security flaw alleged by FiCare Federal involves the robot (the "EnFact IVR system"), not the separate Contact Center. As Fiserv's counsel described it (Dkt. 66-6), the robot validates the caller and lifts the fraud restriction once the caller supplies a Caller ID and Social Security number. According to Fiserv's counsel, if the robot accepts those inputs, "the caller may validate the transaction through the IVR system, and the card will be unfrozen." (*Id.*)<br><br>The Contact Center enters the picture only if the robot does not validate the transaction. Only then is the call "routed from EnFact to the Contact Center," where the caller first encounters "another authentication process," i.e., the different authentication process described in paragraphs 6 and 7 of the Benn Declaration. (*Id.*)<br><br>Whether the Contact Center has additional or different security measures from the robot, and whether FiCare Federal chose an OTP for the Contact Center, have no bearing on whether the robot improperly lifts fraud |

| | |
|---|---|
| | restrictions before a caller ever reaches the Contact Center.<br>If anything, paragraph 7 underscores the problem warranting expedited discovery: Fiserv offers OTP authentication only at the Contact Center and identifies no comparable safeguard for the robot, where the fraud restriction can also be lifted. |
| "Separately, if a cardholder reports a card as stolen, that card is deactivated. A cardholder may not reactivate a deactivated card through the EnFact Integrated Voice Response system or the Contact Center and must instead either wait for a new card to be reissued or contact the cardholder's financial institution."<br>(Benn Decl. ¶ 8) | **Fed. R. Evid. 401 (Irrelevance)**<br>**Fed. R. Evid. 403 (Confusing the Issues)**<br><br>Expedited discovery concerns the security process governing when "a card may be frozen due to a suspicious transaction" (Dkt. 66-6) and the use of the robot to remove that fraud restriction. It does not concern the separate security procedures that apply when cardholders themselves report their cards stolen—a scenario Fiserv's own counsel set apart as one of two "different situations," distinct from a card "frozen due to a suspicious transaction" (Dkt. 66-6).<br><br>When a suspicious transaction freezes a card, fraudsters defeat the robot by claiming the charges are authorized, and the robot lifts the freeze.<br><br>Paragraph 8 addresses a different card status and a different process. It is irrelevant, and it risks confusing the issues by suggesting that the safeguard for cards a cardholder has reported stolen also applies to cards frozen for a suspicious transaction and awaiting cardholder verification. |

Dated: September 28, 2026

Respectfully submitted,

*/s/ Charles J. Nerko*
Charles J. Nerko (Lead Counsel)*
John C. Cleary*
Walter E. Swearingen*
NERKO PLLC
1178 Broadway, 3rd Floor
New York, New York 10001
518.363.9100
cnerko@nerko.com
jcleary@nerko.com
wswearingen@nerko.com

David L. Hecht**
Lori G. Feldman*
Kathryn (Lee) Boyd**
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
212.851.6821
dhecht@hechtpartners.com
lfeldman@hechtpartners.com
lboyd@hechtpartners.com

Darrin J. Quam (Florida Bar No. 995551)
Primary: dquam@stearnsweaver.com
Secondary:
mbumoskey@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Post Office Box 3299
401 E. Jackson St., Suite 2100
Tampa, Florida 33601
813.223.4800

*Attorneys for Plaintiff*
*FiCare Federal Credit Union*

* Admitted *pro hac vice*
** *Pro hac vice* forthcoming