UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FICARE FEDERAL CREDIT UNION,

Plaintiff,

v. Case No: 8:26-cv-00231-JLB-GDP

FISERV SOLUTIONS, LLC f/k/a
FISERV SOLUTIONS, INC., and
FISERV, INC.,

Defendants.
_____________________________________/

**ORDER**

Plaintiff FiCare Federal Credit Union ("FiCare") seeks a temporary restraining order and preliminary injunction to enjoin Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. and Fiserv, Inc. (collectively, "Fiserv") from continuing to use an automated interactive voice response system to verify the identity of, or to lift fraud restrictions for, callers who use FiCare debt or credit cards. (Doc. 66). FiCare claims that Fiserv's system allows fraudsters to easily lift fraud restrictions on FiCare's debt and credit cards, causing financial damage to FiCare's customers and reputational damage to FiCare. (*Id.* at 3). FiCare's motion is properly denied because it seeks relief beyond maintenance of the status quo, and it fails to demonstrate irreparable harm.

## LEGAL STANDARD

A court may issue a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 if the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) irreparable harm will ensue absent such an order; (3) the threatened injury to the movant outweighs the harm the restraining order would cause to the non-movants; (4) the restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). The grant or denial of a motion for a temporary restraining order or preliminary injunction rests within the sound discretion of the district court. *LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d 1114, 1119 (11th Cir. 2012).

## DISCUSSION

The Court recognizes the parties' familiarity with the underlying facts and procedural history. As such, it finds no need to restate them in this time-sensitive order. For the following reasons, the Court concludes that FiCare's motion should be denied.

First, the relief that FiCare's motion seeks would run contrary to the purpose of a temporary restraining order or preliminary injunction. *See Schiavo*, 403 F.3d at 1231. As noted, "[t]he purpose of a temporary restraining order, like a

preliminary injunction, is to . . . preserve the status quo until the district court renders a meaningful decision on the merits." *Id.*; *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Here, however, FiCare asks for more than that. (Doc. 66 at 26). FiCare seeks an affirmative order that Fiserv cease using its current system and essentially create a secondary fraud review system out of whole cloth to address the injuries that FiCare asserts. (*Id.* at 2, 4, 26). FiCare seeks this relief despite having been a customer of Fiserv's for approximately thirteen years and the parties operating in substantially the same way throughout that period. (Doc. 63-2 at 2; Doc. 71 at 12). Because FiCare requests relief beyond the status quo, its motion should be denied.

However, even if FiCare's motion did seek to preserve the status quo, the motion still fails because FiCare has failed to demonstrate that it would suffer irreparable harm absent this Court's issuance of injunctive relief. FiCare claims that Fiserv's system causes FiCare customers a continuing *financial* injury and that the system causes reputational damage to FiCare. Injuries that can be remedied through monetary damages at final judgment are not irreparable. *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). And FiCare fails to show that any reputational injury to it would be sufficiently substantial to justify injunctive relief. *See Tobinick v. Novella*, No. 9:14–CV–80781, 2015 WL 1526196, at *8 (S.D. Fla. Apr. 2, 2015). Accordingly, FiCare's motion (Doc. 66) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 23, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE